UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis and Susan Hankins,                               Case No. 3:18-cv-2191

        Plaintiffs

    v.                                                          MEMORANDUM OPINION
                                                                               AND ORDER

Peter Bosch, Esq., et al.,

        Defendants.

## I.     INTRODUCTION AND BACKGROUND

Plaintiffs Dennis and Susan Hankins filed suit against Defendants Peter Bosch, Esq., and Bosch Killman Vanderwal, P.C. (collectively, "Bosch"), and the Auto-Owners Insurance Company, in the Wood County, Ohio Court of Common Pleas. Plaintiffs previously filed suit in the Manistee County, Michigan Court of Common Pleas against Jeffrey Dupilka and Auto-Owners, after Dennis was injured after a fall at Dupilka's cottage. Bosch represented Auto-Owners in that litigation. Plaintiffs now assert claims under the Federal Racketeering Influence and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the equivalent Ohio statute, as well as under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act, claiming Bosch violated their rights by attempting to recover attorney fees to which Bosch was not entitled. (Doc. No. 1-1).

Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. No. 1). Bosch filed a motion to transfer venue, (Doc. No. 5), which Plaintiffs oppose, (Doc. No. 6). Bosch filed a reply in support of its motion. (Doc. No. 10).

In addition, Plaintiffs filed a motion to remand this case to state court, (Doc. No. 7), which Bosch opposes, (Doc. No. 8). Plaintiffs filed a brief in reply. (Doc. No. 9).

For the reasons stated below, Plaintiffs' motion to remand is denied, and Bosch's motion to transfer venue is granted.

## II. DISCUSSION AND ANALYSIS

### A. MOTION TO REMAND

Plaintiffs assert this case should be remanded back to the Wood County Court of Common Pleas because Bosch did not attach certain documents, including the amended complaint, to its notice of removal. (Doc. No. 7 at 2).

A notice for removal must be filed within 30 days from date of formal service on the defendants, and all defendants in a case removed based upon federal-question jurisdiction must consent to the removal. 28 U.S.C. §1446(b)(1)-(2). The notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon" the defendants in the state court action. 28 U.S.C. § 1446(a).

Bosch does not dispute that it failed to include several documents from the state-court record along with its notice of removal. (Doc. No. 8 at 1-2). Bosch seeks to remedy these omissions by attaching the documents to its brief in opposition to Plaintiffs' motion to remand.

The Sixth Circuit permits defendants to cure procedural defects in notices of removal so long as the removal was timely and did not violate the unanimity requirements in cases with multiple defendants, and federal-court jurisdiction in fact existed prior to the expiration of the time period for removal. *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993); *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, at *3-4 (6th Cir. 1994) (unreported table decision). A court may deny a plaintiff's motion to remand where the defendants only "committed a technical error . . . that could easily be cured . . . ." *Schliewe v. Toro*, 138 F. App'x 715, 720 (6th Cir. 2005).

2

Federal-court jurisdiction existed at the time Bosch filed the notice of removal, and Auto-Owners consented to the removal. (Doc. No. 1 at 4). Further, Bosch properly cured the technical deficiencies in its notice of removal. *See Tech Hills II Assocs.*, 5 F.3d at 969 (Defendants may remedy procedural defects in removal notice even after the end of the 30-day removal period.).

Plaintiffs also argue Auto-Owners waived its right to remove by filing answers to both the original and amended complaints. (Doc. No. 9 at 2). As the Sixth Circuit made clear over 100 years ago, a defendant may file an answer to a plaintiff's complaint without waiving the right to remove the case. *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761(6th Cir. 2016) (citing *Atlanta, Knoxville & N. Ry. Co. v. S. Ry. Co.*, 131 F. 657, 661 (6th Cir. 1904)). Auto-Owners did not take any "substantial" or "[a]ffirmative actions" which would support a constructive-waiver finding. *Robertson*, 831 F.3d at 761. Plaintiffs fail to show any of the Defendants waived their right to remove the case.

I deny Plaintiffs' motion to remand.

**B. MOTION TO TRANSFER**

Bosch seeks to transfer this case to the United States District Court for the Western District of Michigan, Southern Division, arguing venue is more appropriate in that court. (Doc. No. 5).

A plaintiff may pursue a civil action in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ."; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction . . . ." 28 U.S.C. § 1391(b). A civil RICO action "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). A district court may transfer a case, "[f]or the convenience of parties

3

and witnesses, [and] in the interest of justice," to another district "where it might have been brought . . . ." 28 U.S.C. § 1404(a).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

Plaintiffs do not dispute Bosch's assertion that the only connection this case has to Ohio is the fact that Plaintiffs' attorney's office is located in Perrysburg, Ohio, and Bosch mailed allegedly-inaccurate billing statements to that office. Plaintiffs further argue venue is proper in this Court because Plaintiffs live approximately 20 minutes away from this Court, the electronic transmission of pleadings and other documents means "the issue of convenience is virtually no longer an issue," and both Bosch and Auto-Owners have hired attorneys with offices in Toledo, Ohio. (Doc. No. 6 at 2).

None of these things makes venue more appropriate here than in a Michigan court. Both of the Plaintiffs and both of the Bosch defendants are Michigan residents. Auto-Owners sells insurance nationwide, but had issued a particular insurance policy on the Michigan property where Dennis was injured and was a party to litigation concerning that injury in a Michigan court. Further, as I noted above, Plaintiffs initially filed this litigation in the Wood County Court of Common Pleas, which is an additional 30-minute drive from this Court – a location that is less convenient to Plaintiffs as well as to the Defendants.

Plaintiffs also do not identify any potential witness who might be located outside the State of Michigan. *See Kelly Servs. v. Eidnes*, 530 F. Supp. 2d 940, 949 (E.D. Mich. 2008) ("The convenience of witnesses has been called 'the most powerful factor governing the decision of whether to transfer a case.'") (citation omitted).

Moreover, the only purported connection to this Court – that Bosch mailed documents to the Ohio office of Plaintiffs' counsel – is tenuous at best. *Cf. Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) ("The relevant question regarding venue is 'whether the district the plaintiff chose had a substantial connection to the claim . . . .'" (quoting *Setco Enter. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994))). Plaintiffs' attorney is not a party to this case and Plaintiffs do not claim their attorney has any duty to pay the allegedly-impermissible attorney fees Bosch seeks.

A plaintiff's choice of forum "is not dispositive." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Where, as in this case, it is clear that Plaintiffs' choice of forum was driven by the location of Plaintiffs' counsel and not by the alleged facts underlying Plaintiffs' claims, that choice is not entitled to significant deference. Therefore, after weighing the factors described in *Moses*, I grant Bosch's motion to transfer this case to the United States District Court for the Western District of Michigan, Southern Division.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand, (Doc. No. 7), is denied; Bosch's motion for a status conference, (Doc. No. 17), is denied as moot; and Bosch's motion to transfer venue, (Doc. No. 5), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5